IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ST. KATERI TEKAKWITHA PARISH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-cv-473-SMY |
| | ) |
| CRAM AND FERGUSON ARCHITECTS, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Cram and Ferguson Architects, LLC's ("Cram") Motion to Dismiss St. Kateri Tekakwitha Parish's ("the Parish") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 8). For the following reasons, the motion is **DENIED**.

### Background

The Parish makes the following allegations in the Complaint (Doc. 1-1): The Parish retained Cram to design and build a church. The construction of the new building commenced in 2014 and was substantially completed in 2015. After construction was completed, the building began to exhibit interior and exterior cracking. After noticing the initial cracking, the Parish retained Acura Engineering, Inc., which conducted an inspection of the building and generated a report ("the Acura Report"). The Parish then engaged another engineering firm which advised it that Cram may have been responsible for some of the underlying issues with the building.

The Parish subsequently filed the instant lawsuit against Cram, asserting breach of contract and claiming improper design and defective construction causing differential foundation

settlement and undermining. It alleges that the damages to remediate the church building "could be between $300,000 and $500,000" (Doc. 1-1, ¶ 20).

## Discussion[1]

Cram argues the Complaint is barred by the four-year statute of limitations for construction defects in Illinois and therefore subject to dismissal. The Parish argues that the statute of limitations is tolled by the discovery rule, which "postpones the beginning of the limitations period… to the date when [a plaintiff] discovers he has been injured." *In re Copper Antitrust Litig.*, 436 F.3d 782, 789 (7th Cir. 2006), quoting *Cada v. Baxter Healthcare Corp.,* 920 F.2d 446, 450 (7th Cir. 1990).

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts all allegations in the Complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiffs are not required to anticipate or allege facts in the Complaint that would defeat affirmative defenses such as a claim being barred by the statute of limitations, as a court typically cannot dismiss a Complaint for failure to satisfy a statute of limitations at the pleading stage. *Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 688 (7th Cir. 2009). However, if a Complaint includes all information necessary to make a determination and sets forth the elements that satisfy the affirmative defense so that no additional discovery is required, a court may appropriately dismiss the Complaint. *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009). That is not the case here.

---

[1] While the parties request that the Court examine documents and information beyond the Complaint, the initial examination and analysis will be limited to the Complaint allegations as a motion for summary judgment is not currently before the Court. The Court also declines to consider the unauthenticated and uncertified Acura Report at this juncture as it is not central to the Parish's breach of contract claim. The Court may only consider a limited class of attachments to 12(b)(6) motions such as a contract. *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002).

The operative question is "whether there is *any* set of facts that if proven would establish a defense to the statute of limitations..." *Clark v. City of Braidwood*, 318 F.3d 764, 768 (7th Cir. 2003) (emphasis in original). As such, when a plaintiff relies on the discovery rule, a determination of timeliness is premature at the pleading stage and should rather be raised in a motion for summary judgment. Accordingly, Cram's motion to dismiss is **DENIED**.

**IT IS SO ORDERED.**

**DATED: July 21, 2022**

**STACI M. YANDLE**
**United States District Judge**