# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ST. KATERI TEKAWITHA PARISH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 22-CV-473-SMY |
| ) | |
| CRAM AND FERGUSON ARCHITECTS, ) | |
| LLC, ) | |
| ) | |
| Defendant/Third-Party Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| MCCOY & HOWARD CONSULTING ) | |
| ENGINEERS, INC., and HODGE ) | |
| STRUCTURAL ENGINEERS, ) | |
| ) | |
| Third-Party Defendants, ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Pending before the Court is Third-Part Defendant Hodge Structural Engineers' motion to dismiss counts III and IV of the Third-Party Complaint (Doc. 24). Third-Party Plaintiff Cram and Ferguson Architects, LLC responded in opposition (Doc. 34). For the following reasons, the motion is **DENIED**.

## Procedural Background and Facts

Plaintiff St. Kateri Tekawitha Parish retained Cram and Ferguson Architects, LLC to design and build a church. After allegedly discovering issues with the church's foundation and cracking in the building, the Parish sued Cram for breach of contract (Doc. 1-1). Cram subsequently filed a Third-Party Complaint against two of its subcontractors that worked on the

church – McCoy & Howard Consulting Engineers, Inc. and Hodge Structural Engineers – asserting breach of contract (Count III) and breach of indemnity (Count IV) against Hodge (Doc. 18).

## Discussion

Hodge moves to dismiss Counts III and IV pursuant to Federal Rule of Civil Procedure 12(b)(6). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the Complaint. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

### Breach of Contract (Count III)

Hodge argues that 735 ILCS 5/2-406(b) prohibits third-party plaintiffs from bringing in new parties unless the allegations in the Complaint give rise to indemnity or contribution (Doc. 24, ¶¶ 9-10). As an initial matter, the Court must determine whether 735 ILCS 5/2-406 constitutes state substantive law applicable in this case. *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.,* 536 F.3d 663, 670 (7th Cir. 2008) (a federal court sitting in diversity jurisdiction must apply state substantive law, but procedural matters are still governed by federal law).

In deciding whether a state law is procedural or substantive, district courts in this Circuit must apply the "outcome-determinative" test, examining (1) whether a state law reflects an intent to influence substantive outcomes of cases and (2) whether failing to apply this substantive law would encourage forum shopping between state and federal court. *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 346 (7th Cir. 1997). Courts also consider whether there is a conflict between the

state and federal law and whether the state law is limited to particular substantive area. *S.A. Healy Co. v. Milwaukee Metro. Sewerage Dist.*, 60 F.3d 305, 310 (7th Cir. 1995).

The plain language of 735 ILCS 5/2-406 shows that it does not confer a substantive right to bring certain causes of action, but merely limits third-party practice to causes of action that are derivative of the initial complaint. *Vicorp Restaurants v. Corinco Insulating Co.*, 222 Ill.App.3d 518, 523 (1st Dist. 1991). Moreover, when comparing 735 ILCS 5/2-406(a) to its counterpart, Federal Rule of Civil Procedure 14, there is no conflict between the two statutes. Illinois courts have acknowledged the similarity, noting, "The third-party practice established by this section is substantially the same as the federal practice under Federal Rule 14." *Vicorp*, 222 Ill.App.3d at 523. As such, the federal rule should be applied. *Windy City,* 536 F.3d at 670.

Here, Count III comports with the requirements of *FRCP* 14(a)(1); Hodge may be liable to Cram for "all or part" of the claim by the Parish against Cram.

### Indemnity (Count IV)

Hodge requests that the Court treat Cram's indemnity claim as one for contribution and dismiss it on the basis that a third-party plaintiff may not recover contribution in contract claims. This Court declines to do so at this juncture. Cram alleges that the subcontract agreement between it and Hodge provides that "[t]he Consultant [Hodge] shall indemnify and hold the Architect [Cram] and the Architect's officers and employees harmless from and against damages, losses and judgments arising from claims by third parties . . . ." (Doc. 18, ¶ 40). Under federal pleading standards, the Court accepts these allegations as true and finds that Cram has plausibly asserted a claim in Count IV for express contractual indemnity. *Bell Atl.,* 550 U.S. at 555 (noting the complaint simply must describe the claim in sufficient detail to give the defendant fair notice of

what the claim is and the grounds upon which it rests and plausibly suggests that the plaintiff has a right to relief above a speculative level).

For the foregoing reasons, the Hodge's Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  December 7, 2022**

**STACI M. YANDLE**
**United States District Judge**